**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MAIN STREET AMERICA | : | |
| ASSURANCE COMPANY, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:21-CV-00074 (JCH) |
| | : | |
| v. | : | |
| | : | |
| DRW PROPERTIES, LLC, ET AL. | : | DECEMBER 16, 2021 |
| Defendants. | : | |

**RULING ON MOTIONS TO DISMISS OR STAY**
**(DOC. NOS. 15, 16)**

## I.   INTRODUCTION

The plaintiff, Main Street America Assurance Company ("MSAA"), brings this

action for a declaratory judgment pursuant to the Declaratory Judgment Act, section

2201 of title 28 of the United States Code.  The defendants are DRW Properties, LLC

("DRWP"), a Connecticut property management company; William R. Donaldson

("Donaldson"), the sole member of DRWP; and Carmela Zavaglia, Administrator of the

Estate of Anthony Zavaglia.  MSAA, an insurance company, seeks a judgment declaring

that it has no duty to defend DRWP or Donaldson against a state court suit brought by

Mrs. Zavaglia in her capacity as Administrator.[1]  All of the defendants have moved to

dismiss MSAA's Complaint.

Now before the court are two Motions to Dismiss: one filed by Mrs. Zavaglia,

Zavaglia's Mot. to Dismiss (Doc. No. 15), and another filed by DRWP and Donaldson.

---

[1] Hereinafter, the court refers to Mrs. Zavaglia in her role as Administrator of the Estate of
Anthony Zavaglia as "Mrs. Zavaglia."

DRWP's Mot. to Dismiss (Doc. No. 16).  MSAA opposes both Motions.  MSAA Opp'n to

Zavaglia's Mot. to Dismiss (Doc. No. 19); MSAA Opp'n to DRWP's Mot. to Dismiss

(Doc. No. 20).  For the reasons discussed below, the court grants in part and denies in

part both Motions.

## II.    BACKGROUND

### A.    Factual Background[2]

This declaratory action arises out of an underlying Complaint filed by Mrs.

Zavaglia against DRWP in Connecticut Superior Court.  See Carmela Zavaglia, Admin.

Est. Anthony Zavaglia v. Christian Bros. Props., LLC & DRW Props., LLC, MX2-MMX-

CV-20-6028794-S (Conn. Super. Ct. 2020).  DRWP requested that its insurer, MSAA,

defend and indemnify it against Mrs. Zavaglia's claims.  MSAA now seeks a judgment

that it has no duty to defend or indemnify DRWP in the underlying case.

#### 1.    Underlying Complaint

Mrs. Zavaglia's underlying Complaint, filed June 29, 2020, alleged wrongful

death claims against DRWP and a non-party property owner—Christian Brothers

Properties, LLP—in Connecticut Superior Court.  See MSAA Compl. at ¶ 2; Zavaglia

---

[2] The facts in this section are drawn from the Complaint.  See Compl. (Doc. No. 3).  Because, at the motion to dismiss stage, the court must accept all factual allegations in the Complaint as true, "we describe the facts as alleged in the complaint, drawing all reasonable inferences in the plaintiff's favor, and construing any ambiguities in the light most favorable to upholding the plaintiff's claim." Sung Cho v. City of New York, 910 F.3d 639, 642 n.1 (2d Cir. 2018) (internal quotation marks and citations omitted).

In addition, MSAA attached to its Complaint a copy of Mrs. Zavaglia's Complaint and a truncated copy of Mrs. Zavaglia's First Amended Complaint in the state court action.  See Compl. at Exs. 1 and 2. The court therefore takes judicial notice of the contents of these Complaints as well as the subsequent Second Amended Complaint filed by Mrs. Zavaglia in the state court action.  See Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (citing Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n. 2 (2d Cir.2016)) (When considering a motion to dismiss for failure to state a claim, a court may look to "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."); Id. (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002)) (A document is integral to the complaint where "the complaint relies heavily upon its terms and effect.").

Compl. (Doc. No. 3-1).  The Complaint alleged that on October 1, 2019, scaffolding erected by Christian Brothers Properties or DRWP collapsed, causing Anthony Zavaglia to fall to his death.  Zavaglia Compl. at ¶¶ 11-13.  The scaffolding's collapse was allegedly caused by the carelessness and negligence of DRWP and Christian Brothers Properties: Count One alleged negligent wrongful death against Christian Brothers Properties; Count Two alleged negligent wrongful death against DRWP; and Count Three alleged reckless wrongful death against DRWP.  Id. at ¶ 13; Zavaglia Compl.

On January 4, 2020, Mrs. Zavaglia filed an Amended Complaint adding two new defendants: DRW Investments, LLC, and Donaldson, a member of both DRWP and DRW Investments.  See Zavaglia Am. Compl. (Doc. No. 3-2).  In addition to the existing Counts, the Amended Complaint contained five new Counts alleging that DRWP, DRW Investments, and Donaldson committed fraudulent transfers and conveyances to prevent the Estate from accessing DRWP's assets.  Zavaglia Am. Compl. at p. 12.[3] Counts Four, Five, and Six alleged statutory fraudulent transfer of assets as to DRWP, DRW Investments, and Donaldson, respectively, while Counts Seven, Eight, and Nine alleged common law fraudulent conveyance against DRWP, DRW Investments, and Donaldson, respectively.  Zavaglia Am. Compl. at pp. 13-21.  Subsequently, on or around February 4, 2021, Mrs. Zavaglia filed a Second Amended Complaint containing substantially the same claims.  See Zavaglia's Mot. to Dismiss at Ex. A (Doc. No. 15-1) ("Zavaglia Second Am. Compl.").

---

[3] The plaintiff appears to have filed a partial version of Mrs. Zavaglia's Amended Complaint, excluding all but two paragraphs of Count Four and omitting Counts Five through Nine altogether.  Mrs. Zavaglia, however, has filed a copy of her Second Amended Complaint.  See Zavaglia's Mot. to Dismiss at Ex. A.  The court takes judicial notice of the contents of Mrs. Zavaglia's Second Amended Complaint, as it is integral to MSAA's Complaint in this action.  See Goel, 820 F.3d at 559.

In response to Mrs. Zavaglia's suit, DRWP requested that MSAA defend and indemnify it against the claims in the underlying action.  Compl. at ¶ 24. MSAA agreed to defend DRWP under a full reservation of rights and is currently defending DRWP in the state court action.  Id. at ¶ 25.  MSAA argues, however, that it has no obligation to defend or indemnify DRWP or Donaldson under DRWP's insurance policy.  Id. at ¶ 26.

2.      Insurance Policy

DRWP purchased a businessowner's liability insurance policy ("the Policy") from MSAA.  The Policy ran from October 31, 2018, to October 31, 2019.  See MSAA Compl. at ¶ 8.

In Section A1 of the Policy, MSAA agreed to cover "Business Liability", stating, in relevant part:

A. Coverage

1. Business Liability

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", or "personal and advertising injury" to which this insurance applies . . . however, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal and advertising injury", to which this insurance does not apply . . .

b. This insurance applies:

(1) To "bodily injury" and "property damage" only if:

(a) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period; . . . .

4

Compl. at ¶ 22.  Section B1 of the Policy contains several exclusions to Section A(1)'s coverage.  Most relevant to the current dispute, the Policy excludes "expected or intended injuries" as well as injuries to employees.  These exclusions read as follows:

B. Exclusions

1. Applicable To Business Liability Coverage

This insurance does not apply to:

a. Expected or Intended Injury "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect person or property.
 . . .

e. Employer's Liability

"Bodily injury" to:

(1) an "employee" of the insured arising out of and in the course of:

(a) employment by the insured; or

(b) performing duties related to the conduct of the insured's business; . . .

This exclusion applies:

(1) whether the insured may be liable as an employer or in any other capacity; and

(2) to any obligation to share damages with or pay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by an insured under an "insured contract."

Compl. at ¶ 23. The Policy further defines an "employee":

5. "Employee" includes a "leased worker." "Employee" does not include a "temporary worker" . . . .

6. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

MSAA Opp'n to DRWP's Mot. to Dismiss at 5.

B.    Procedural Background

MSAA seeks a declaratory judgment that the Policy does not obligate it to defend or indemnify DRWP or Donaldson.  MSAA's Complaint contains two Counts: the First for a declaratory judgment that the terms, provisions, and exclusions of the Policy do not require MSAA to indemnify or defend DRWP, and the Second for a declaratory judgment that, by the same reasoning, MSAA has no duty to defend or indemnify Donaldson.  Id. at ¶¶ 28-33.

Mrs. Zavaglia and DRWP/Donaldson have each filed a Motion to Dismiss, and the two Motions argue three identical grounds for dismissal: (1) abstention under the Brillhart/Wilton doctrine; (2) ripeness of the indemnity claims; and (3) failure to state a claim for relief.  See Zavaglia's Mot. to Dismiss; DRWP's Mot. to Dismiss.

III.    **LEGAL STANDARD**

A.    12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).  The plaintiff bears the burden of proving the existence of subject matter jurisdiction. Makarova, 201 F.3d at 113.  In determining whether the plaintiff has met this burden, the court must accept as true all factual allegations in a complaint and draw all reasonable inferences in favor of the plaintiff.  Carter v. HealthPort Techs., LLC, 822

F.3d 47, 57 (2d Cir. 2016); <u>Aurecchione v. Schoolman Transp. Sys., Inc.</u>, 426 F.3d 635, 638 (2d Cir. 2005).

  B.  <u>12(b)(6)</u>

  To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u>  Reviewing a motion to dismiss under Rule 12(b)(6), the court liberally construes the claims, accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the non-movant's favor.  <u>See</u> <u>La Liberte v. Reid</u>, 966 F.3d 79, 85 (2d Cir. 2020).  However, the court does not credit legal conclusions or "[t]hreadbare recitals of the elements of a cause of action." <u>Iqbal</u>, 556 U.S. at 678.

## IV. DISCUSSION

  A.  <u>Mrs. Zavaglia's Motion to Dismiss or, in the Alternative, Stay (Doc. No. 15)</u>

  Mrs. Zavaglia moves to dismiss Count One of the Complaint as to MSAA's duty to defend and indemnify DRWP on three grounds: (1) abstention; (2) ripeness; and (3) failure to state a claim.

   1.  Jurisdiction and Abstention

  First, Mrs. Zavaglia argues that the court should abstain from entertaining this action under the Declaratory Judgment Act, because parallel state proceedings are underway.  <u>See</u> Zavaglia's Mot. to Dismiss at 8.  MSAA contends that the court should

exercise jurisdiction over this case.  See MSAA's Opp'n to Zavaglia's Mot. to Dismiss at 7.

The Declaratory Judgment Act authorizes a federal court, in "a case of actual controversy within its jurisdiction", to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.  A declaratory judgment action must present an actual "case or controversy", in that it "must be sufficiently real and immediate, allowing specific and conclusive relief . . . and be ripe for adjudication." Pub. Serv. Comm'n v. Wycoff Co., Inc., 344 U.S. 237, 244 (1952).  Under the Act, however, district courts retain discretion as to whether to exercise jurisdiction over a given action.  See, e.g., Dow Jones & Co., Inc. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003) (hereinafter Dow Jones).  In deciding whether to exercise jurisdiction, courts consider "the litigation as a whole" and whether "practicality and wise judicial administration will predominate." U.S. Underwriters Ins. Co. v. Kum Gang, Inc., 443 F.Supp.2d 348, 352–53 (E.D.N.Y.2006) (citing Gianni Sport Ltd. v. Metallica, 2000 WL 1773511, at *4 (S.D.N.Y.2000); Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995)).

Mrs. Zavaglia argues that the court should decline to hear this matter under the doctrine of abstention established in Brillhart v. Excess Ins. Col. of America, 316 U.S. 491, 495 (1942), and Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).  While the Declaratory Judgment Act grants district courts broad discretion over whether to exercise jurisdiction, the Brillhart/Wilton doctrine identifies the circumstances in which abstention is most warranted.  As the Second Circuit has explained, "[t]o avoid wasteful and duplicative litigation, district courts may often dismiss declaratory judgment actions

8

where another suit is pending in a state court presenting the same issues, not governed

by federal law, between the same parties." Niagara Mohawk Power Corp. v. Hudson

River-Black River Regulating Dist., 673 F.3d 84, 104 (2d Cir. 2012) (internal quotation

marks and citations omitted).  A set of five factors—the "Dow Jones factors"—guides

courts in determining whether to exercise jurisdiction:

> "(1) [W]hether the judgment will serve a useful purpose in clarifying or
> settling the legal issues involved; (2) whether a judgment would finalize the
> controversy and offer relief from uncertainty; (3) whether the proposed
> remedy is being used merely for 'procedural fencing' or a 'race to res
> judicata'; (4) whether the use of a declaratory judgment would increase
> friction between sovereign legal systems or improperly encroach on the
> domain of a state or foreign court; and (5) whether there is a better or more
> effective remedy."

Dow Jones, 346 F.3d at 359.

The court applies these factors to MSAA's duty to defend and duty to indemnify

claims, in turn.

### a.   Duty to Defend DRWP

The court will not abstain from exercising jurisdiction over MSAA's claims

regarding its duty to defend DRWP.

First, jurisdiction is proper under the Declaratory Judgment Act.  A real and

immediate controversy exists between the parties as to whether MSAA must defend

DRWP in the underlying action. Because MSAA is presently defending DRWP,

declaratory action could provide "specific and conclusive relief" by delineating whether

MSAA has a duty to defend in the state matter.  Pub. Serv. Comm'n, 344 U.S. at 244.

When, as here, "a determination of the duty to defend can be made and thus clarify the

insurer's obligations in the underlying tort action, the [Declaratory Judgment Act] is

properly invoked." Middlesex Ins. Co. v. Mara, 699 F. Supp. 2d 439, 443–44 (D. Conn. 2010) (citing U.S. Underwriters Ins. Co., 443 F.Supp.2d at 353).

Second, the Brillhart/Wilton doctrine and the Dow Jones factors do not weigh in favor of abstention with regards to MSAA's duty to defend DRWP.  The underlying tort action does not involve "the same parties" as the matter before this court; MSAA is not a party to the state proceeding.  See Niagara Mohawk Power Corp., 673 F.3d at 104. Furthermore, the "same issues" will not be considered in the tort suit, as the matter of MSAA's duty to defend is not before the state court.  See id.  Thus, exercising jurisdiction over the claims regarding MSAA's duty to defend is neither "wasteful" nor "duplicative."  See id.  Rather, hearing these claims will satisfy several prongs of the Dow Jones five-factor test, as this court's judgment will clarify MSAA's legal duty to defend, providing relief from uncertainty without encroaching on the underlying tort-related issues properly before the state court.  See Dow Jones, 346 F.3d at 359. Finally, exercising jurisdiction over this matter will offer an effective remedy, see id., as "[t]here is no question that a declaratory judgment action is a suitable vehicle to test the rights and liabilities under an insurance policy." Vermont Mut. Ins. Co. v. Ciccone, 900 F. Supp. 2d 249, 255 (D. Conn. 2012) (citing St. Paul Fire & Marine Ins. Co. v. Shernow, 22 Conn. App. 377, 380 (1990)).  The court accordingly will not abstain from exercising jurisdiction over MSAA's duty to defend claims on the basis of the Brillhart/Wilton doctrine.

Thus, Mrs. Zavaglia's Motion to Dismiss on the ground of Brillhart/Wilton abstention is denied as to MSAA's claims regarding its duty to defend DRWP.

b.      Duty to Indemnify DRWP

The court will abstain from considering MSAA's duty to indemnify DRWP until the liability of DRWP has been determined in the state court matter.

Undoubtedly, the court could exercise jurisdiction over claims regarding MSAA's duty to indemnify DRWP under the Declaratory Judgment Act.  See, e.g., Allstate Ins. Co. v. Tenn, No. 3:19-CV-432 (JBA), 2020 WL 3489387, at *4 (D. Conn. June 26, 2020) ("it is well-established that there is Article III jurisdiction over a claim by an insurance company for declaratory relief with respect to an indemnification obligation even though the underlying state court tort action has not yet resulted in a judgment.") (internal quotation marks omitted) (quoting W. World Ins. Co. v. Sorosiak, No. 3:12-CV-00420(MPS), 2013 WL 12303240, at *1 (D. Conn. Jan. 24, 2013)).[4]  However, the Brillhart/Wilton doctrine and several Dow Jones factors counsel against hearing MSAA's indemnification claims at this time.

To determine MSAA's duty to indemnify DRWP, the court would have to determine whether DRWP was liable in the underlying state case.  Thus, unlike MSAA's duty to defend claims, the insurer's duty to indemnify claim places the "same issues" before the state court and this court—namely, the issue of DRWP's liability.[5]  See

_____

[4] Mrs. Zavaglia argues that MSAA's claims regarding the duty to indemnify are not yet ripe, as the underlying litigation has not been resolved.  See Zavaglia's Mot. to Dismiss at 10-12.  However, these claims are not unripe, because an actual Article III controversy exists between MSAA and the defendants. See, e.g., Allstate Ins. Co., 2020 WL 3489387, at *4.  Although the duty to indemnify claims are ripe, the court exercises its discretion under the Declaratory Judgment Act to abstain from ruling on the duty to indemnify claims for the reasons discussed in this section.  See pp. 11-13, infra.

[5] While MSAA argues that the court should not abstain because MSAA is not a party to the underlying litigation, see MSAA Opp'n to Zavaglia's Mot. to Dismiss at 8, district courts in this Circuit have abstained under Brillhart/Wilton where "the factual and legal issues overlap[ped] significantly" even though some insurers were not parties to the underlying litigation.  See, e.g., Lafarge Canada Inc. v. Am. Home Assurance Co., No. 15-CV-8957 (RA), 2018 WL 1634135, at *4 (S.D.N.Y. Mar. 31, 2018); see also Stoncor Grp., Inc. v. Peerless Ins. Co., 322 F. Supp. 3d 505, 515 (S.D.N.Y. Aug. 15, 2018).

Niagara Mohawk Power Corp., 673 F.3d at 104. This overlap is consequential; while a judgment on MSAA's duty to indemnify might satisfy the first two Dow Jones factors by "serv[ing] a useful purpose in clarifying . . . the legal issues involved," or "finaliz[ing] the controversy and offer[ing] relief from uncertainty", the final three factors weigh heavily against hearing the indemnity claims at this time.  See 346 F.3d at 359.  The third factor cautions against entering into a "race to res judicata", while the fourth warns against "improperly encroach[ing] on the domain of a state court."  Id.  Here, the state court is currently considering the issue of DRWP's liability.  Allowing the state court to reach a determination will avoid unwarranted "racing" to a determination of liability and prevent unnecessary "encroaching" into the realm of the state court.  Id.  Deciding the issue of indemnification would require this court to delve into many fact-intensive state law issues regarding, for instance, the decedent's employment status, the conduct of DRWP's business, and the intent or lack thereof underlying DRWP's acts and omissions.  Because these state law questions are better settled in state court, this court can satisfy the fifth Dow Jones factor and reach the most "effective remedy" by allowing the state court to rule on DRWP's liability before considering the issue of MSAA's duty to indemnify. See id.; see also, Lafarge Canada Inc., 2018 WL 1634135 at *4–6 (citing FSP, Inc. v. Societe Generale, No. 02-CV-4786 (GBD), 2003 WL 124515, at *4 (S.D.N.Y. Jan. 14, 2003) (declining to adjudicate "claims concerning indemnification obligations . . . until liability has been imposed upon the party to be indemnified."), aff'd and remanded, 350 F.3d 27 (2d Cir. 2003), and adhered to on reconsideration, 2005 WL 475986 (S.D.N.Y. Feb. 28, 2005)).

Because the state court has not yet had a chance to consider DRWP's liability, ruling on MSAA's duty to indemnify would be premature.

### 2.    Failure to State a Claim: Duty to Defend DRWP

Having determined that the court should not abstain from hearing MSAA's duty to defend claims, the court turns to Mrs. Zavaglia's argument that MSAA has failed to state a plausible claim for relief in Count One with regard its duty to defend DRWP.  See Zavaglia's Mot. to Dismiss at 12-14. MSAA contends that it has plausibly alleged that its policy creates no obligation to defend DRWP.

Courts consider the duty to defend and the duty to indemnify separately, because, under Connecticut law, "the duty to defend is broader than the duty to indemnify. . . ." Travelers Casualty & Surety Co. of America v. Netherlands Ins. Co., 312 Conn. 714, 739 (2014).  While an insurer's duty to indemnify is triggered only by an assessment of liability, the "duty to defend is triggered if at least one allegation of the complaint falls even possibly within the coverage." Id. (internal quotation marks omitted); see also DaCruz v. State Farm Fire & Casualty Co., 268 Conn. 675, 688 (2004) ("the duty to defend is triggered whenever a complaint alleges facts that potentially could fall within the scope of coverage, whereas the duty to indemnify arises only if the evidence adduced at trial establishes that the conduct actually was covered by the policy" (emphasis in original)).  Because a mere possibility of coverage will trigger the duty to defend "any uncertainty as to whether an alleged injury is covered works in favor of providing a defense to an insured, and uncertainty may be either factual or legal." Nash St., LLC v. Main St. Am. Assurance Co., 337 Conn. 1, 10 (2020).

Here, MSAA has failed to allege that no claim in the underlying Complaint would bring the wrongful death suit within the Policy's coverage.  Indeed, MSAA's Complaint

13

cites facts supporting coverage of Count Two of the underlying Complaint, which sounds in negligent wrongful death claims against DRWP.  First, MSAA's Complaint states that the underlying Complaint "contends that the scaffolding . . . collapsed and that its collapse was caused by the carelessness and negligence of . . . DRWP." Compl. at ¶ 13. Furthermore, MSAA quotes the underlying Complaint's claim that Mr. Zavaglia was an "independent contractor." Id. at ¶ 14.  While MSAA contests the accuracy of the underlying Complaint's allegations, MSAA's own characterization of the claims in the state court suit shows that the underlying allegations could potentially fall within the Policy's coverage; neither the "expected or intended injury" nor the "employee" exceptions to the Policy would apply if the underlying Complaint's allegations—that negligent acts harmed an independent contractor—were true. See Compl. at ¶¶ 13-14; see also Nash, 337 Conn. at 9 (citation omitted).

Admittedly, factual uncertainty exists as to whether certain exclusions from coverage in the Policy actually apply.  These issues turn on several questions of fact, including whether the decedent was an employee or an independent contractor; whether the injuries to the decedent were expected or intentional; and whether the decedent was performing duties related to DRWP's business. However, such "uncertainty as to whether [the] alleged injury is covered works in favor of providing a defense" to DRWP.  See Nash St., 337 Conn. at 10.  Thus, MSAA has not plausibly alleged that no claim in the underlying Complaint could possibly fall within coverage.

MSAA cites Allstate Ins. Co. for the proposition that a motion to dismiss an insurer's declaratory judgment complaint must be denied unless the defendant can demonstrate that the insurer has not "plausibly alleged that its Policy creates no

obligation to defend or indemnify [its insured] . . . ." 20 WL 3489387, at *5.  This is true, but unlike the plaintiff insurer in <u>Allstate</u>, MSAA has not plausibly alleged that it has no obligation to defend DRWP.  To distinguish <u>Allstate</u> from the instant case, the court need only look to the facts alleged in each action's underlying complaint.  <u>See, e.g.</u>, <u>Nationwide Mut. v. Mazur</u>, No. CV98-0489231S, 1999 WL 417346, at *5 (Conn. Super. Ct. June 3, 1999) ("Whether an insurer is obligated to defend an insured is determined by the facts in the underlying complaint, and not the titles assigned to the particular causes of action.").

In <u>Allstate</u>, the court denied a motion to dismiss an insurer's action for a declaratory judgment.  The insurer claimed that it had no duty to defend or indemnify a state court defendant—Tenn—who bludgeoned a state court plaintiff—Moscaritolo— with a baseball bat.  <u>Id.</u> at *1.  Tenn's insurance policy did not require the insurer to defend or indemnify him for injuries caused by his own intentional or criminal acts.  <u>Id.</u> at *2.  Moscaritolo brought a civil tort action against Tenn, alleging intentional assault or, in the alternative, negligent assault.  <u>Id.</u> at *1.  Clearly, the factual allegations in Moscaritolo's underlying action were primarily concerned with Tenn's intentional acts; it is difficult to imagine a scenario wherein Tenn, walking innocently down the sidewalk, could have accidentally lost his grip on a baseball bat and struck Moscaritolo, causing traumatic brain injury, multiple skull fractures, and an intracranial hemorrhage.  <u>See id.</u> at *1.  Thus, the facts in Moscaritolo's Complaint asserted that "Tenn intentionally struck Mr. Moscaritolo with a baseball bat", <u>id.</u> at *5, and the alternative "non-intentional" assault claims in his Complaint were unsupported by the factual allegations.

The facts in the instant case, however, are wholly distinguishable, as MSAA's own Complaint demonstrates that the facts supporting Count Two of the underlying Complaint allege non-intentional injuries to a non-employee that could fall within the Policy's coverage.  See Compl. at ¶¶ 13-14.  The allegations that Mr. Zavaglia was an independent contractor who suffered grievous injuries and death because of a scaffolding collapse owing to DRWP's negligence are sufficient to trigger the duty to defend, see Zavaglia's Second Am. Compl. at ¶¶ 7-8-18, and MSAA has failed to allege that the underlying Complaint contains no such allegations.

Finally, MSAA contends that it has no duty to defend DRWP as to the counts that do not sound in negligence—namely, Count Three for recklessness, Count Four for fraudulent transfer, and Count 7 for fraudulent conveyance.  Connecticut law does not support this argument.[6]  It is clear that a single allegation in a complaint triggers the duty to defend the defendant against the entire action as long as the allegation "falls even possibly within the coverage." Travelers, 312 Conn. at 739.  Because, as the court has determined, Mrs. Zavaglia's negligence claims against DRWP potentially fall within the range of MSAA's coverage, MSAA has a duty to defend DRWP against the entire underlying suit.

Because MSAA has not plausibly alleged that it has no duty to defend DRWP, the court grants Mrs. Zavaglia's Motion to Dismiss Count One as to the duty to defend DRWP.

---

[6] Notably, MSAA's Opposition does not cite any cases to support its argument. See MSAA Opp'n at 15-16.

B.    <u>DRWP and Donaldson's Motion to Dismiss, or, in the alternative, Stay (Doc. No. 16)</u>

DRWP and Donaldson move to dismiss Counts One and Two of MSAA's Complaint on the same grounds as Mrs. Zavaglia: (1) abstention; (2) ripeness with respect to MSAA's duty to indemnify; and (3) failure to state a claim with respect to MSAA's duty to defend.  Count One alleges that MSAA has no duty to defend or indemnify DRWP, while Count Two alleges that MSAA has no duty to defend or indemnify Donaldson.

1.    DRWP (Count One of MSAA's Complaint)

For the same reasons applicable to Mrs. Zavaglia's Motion to Dismiss Count One, <u>see</u> pp. 7-16, <u>supra</u>, the court: (1) exercises jurisdiction over the claims in Counts One and Count Two regarding MSAA's duty to defend; (2) declines to rule at this time on DRWP and Donaldson's Motion to Dismiss Counts One and Two as to MSAA's duty to indemnify DRWP; and (3) grants, for failure to state a claim, DRWP's Motion to Dismiss Count One as to MSAA's duty to defend DRWP.

However, the court must separately address DRWP's Motion to Dismiss Count Two as to MSAA's duty to defend Donaldson.  <u>See, e.g.</u>, <u>LaBonte v. Fed. Mut. Ins. Co.</u>, 159 Conn. 252, 258–59 (1970) (holding that when "cases deal with a clause excluding coverage for injury or property damage caused by an intentional act of the insured . . . . [E]ach insured is held to be separately insured and to stand alone, and the intentional act of one will not be attributed to another.").

2.    Donaldson (Count Two of MSAA's Complaint)

While MSAA has failed to state a claim that it has no duty to defend DRWP, the same is not true of the insurer's duty to defend Donaldson.  MSAA has adequately

alleged that none of the claims against Donaldson in the underlying Complaint fall within the Policy's coverage.

The Policy contains a clear exclusion for "expected or intended injury", carving out any injury "expected or intended from the standpoint of the insured." See Compl. at ¶ 23.  Here, as MSAA points out, the underlying Complaint alleges only "expected or intended" injuries caused by Donaldson. See MSAA Opp'n to DRWP's Mot. to Dismiss at 17-17.  Two Counts in the underlying Complaint pertain to Donaldson: Count Six for statutory fraudulent transfer of assets and Count Nine for common law fraudulent conveyance.  Both statutory fraudulent transfer of assets and common law fraudulent conveyance are intentional torts under Connecticut law.  See Conn. Gen. Stats. § 52-552e ("A transfer made . . . is fraudulent . . . if the debtor made the transfer . . . (1) with actual intent to hinder, delay or defraud any creditor of the debtor; or (2) without receiving a reasonably equivalent value in exchange for the transfer . . . ."); see also Crepeau v. Gronager, 41 Conn. App. 302, 309 (1996) ("A party who seeks to set aside a conveyance as fraudulent bears the burden of proving that the conveyance was made without substantial consideration and that, as a result, the transferor was unable to meet his obligations (constructive fraud) or that the conveyance was made with fraudulent intent in which the transferee participated (actual fraud).") (emphasis added).  Moreover, the allegations supporting Counts Six and Nine of the underlying Complaint specify that Donaldson allegedly acted with intent.  See Zavaglia Second Am. Compl. at p. 18 ("DRWP,  through Donaldson, effectuated the transfer . . . with the intent to hinder and/or delay any recovery from DRWP") (emphasis added); Zavaglia Second Am.

Compl. at p. 21 ("Donaldson effectuated the transfer . . . with the intent to deplete the assets of DRWP . . . .").

Because MSAA has adequately alleged that the intentional torts claimed against Donaldson in the underlying Complaint do not "fall[ ] even possibly within the coverage", Travelers, 312 Conn. at 739, the court denies DRWP and Donaldson's Motion to Dismiss Count Two as to MSAA's duty to defend Donaldson. See, e.g., Nationwide Mut. v. Mazur, No. CV98-0489231S, 1999 WL 417346, at *6 (Conn. Super. Ct. June 3, 1999) (determining, where a policy excluded coverage for intentional acts, that although the insurer had a duty to defend one defendant who was alleged to have acted negligently, the insurer had no duty to defend another defendant who was only alleged to have acted intentionally).

C.   Motions to Stay in the Alternative (Doc. Nos. 15, 16)

Mrs. Zavaglia, DRWP, and Donaldson move, in the alternative, to stay proceedings pending the resolution of the state action.  In support of their Motions to Stay, the defendants offer a single sentence suggesting that resolution of the state court action "may determine crucial factual issues necessary to grant the relief requested herein, may render MSAA's claims moot, and may ultimately avoid unnecessary and duplicative litigation." Zavaglia's Mot. to Dismiss at 14.  DRWP and Donaldson cite to the argument of their co-defendant, Mrs. Zavaglia, and offer no additional support for their Motion to Stay.

The Brillhart/Wilton doctrine, which the court has discussed above, see pp. 7-13, supra, permits a district court to stay a federal declaratory judgment action when a state court action is pending.  See Wilton, 515 U.S. at 288 ("a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory

judgment").  As this court has already decided, the question in controversy regarding MSAA's duty to defend is one that this court can and should determine while the state action is pending.  See pp. 9-10, 17, supra.  As to MSAA's duty to indemnify, this court will not rule on the issue until the state court reaches a decision regarding the liability of DRWP and Donaldson.  See pp. 11-13, 17, supra.

Furthermore, the court is not convinced by the three justifications for a stay raised by the defendants—fact development, possible mootness, or judicial economy. As to fact development, the only claim that will proceed here is MSAA's Count Two allegation that it has no duty to defend Donaldson, which presents the narrow and largely legal question of whether the underlying Complaint's allegations fall within the scope of the Policy.  With respect to the possible mooting of MSAA's claims, MSAA is currently defending Donaldson under a reservation of rights, so a determination of MSAA's duty to defend would have real and immediate consequences.  Finally, allowing MSAA to litigate its duty to defend claim against Donaldson is neither unnecessary nor duplicative, as MSAA is not a party to the state case and is not advancing its claims in another forum.  Thus, the court will not stay proceedings on MSAA's Complaint with respect to its claim that it has no duty to defend Donaldson.

Accordingly, Mrs. Zavaglia, DRWP, and Donaldson's Motions to Stay in the alternative are denied in part as to MSAA's claims regarding its duty to defend Donaldson.  The Motions to Stay are granted in part as to MSAA's claims regarding its duty to indemnify any of the parties. See pp. 10-13, 17, supra (discussing the court's decision to abstain from ruling on the duty to indemnify at this time).

**V.      CONCLUSION**

For the forgoing reasons, the court grants in part and denies in part both Motions to Dismiss (Doc. Nos. 15, 16), and grants in part and denies in part the Motions to Stay in the alternative (Doc. Nos. 15, 16).  Count One of MSAA's Complaint (Doc. No. 3) is dismissed in part for failure to state a claim as to the duty to defend claim pertaining to DRWP.  The court exercises its discretion to abstain from ruling on the duty to indemnify claims in Counts One and Two as to DRWP and Donaldson until liability has been established in the underlying state tort action.  Count Two of MSAA's Complaint as to the duty to defend claim pertaining to Donaldson remains.  MSAA should file a Motion for Summary Judgment on that claim within 21 days of this Ruling, notwithstanding this court's April 22, 2021 Scheduling Order (Doc. No. 18) or its December 16, 2021 Amended Scheduling Order (Doc. No. 30).

The Motion to Stay Discovery pending resolution of the defendants' Motions to Dismiss (Doc. No. 23) is terminated as moot.

**SO ORDERED.**

Dated at New Haven, Connecticut this 16th day of December 2021.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge