**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MAIN STREET AMERICA ASSURANCE COMPANY, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:21cv74 (JCH) |
| v. | : | |
| | : | |
| DRW PROPERTIES, LLC, ET AL, | : | APRIL 05, 2022 |
| Defendants. | : | |

**RULING GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**(DOC. NO. 32)**

**I.   INTRODUCTION**

The plaintiff, Main Street America Assurance Company ("MSAA"), brings this action for a declaratory judgment pursuant to the Declaratory Judgment Act, section 2201 of title 28 of the United States Code.  The defendants are DRW Properties, LLC ("DRWP"), a Connecticut property management company; William R. Donaldson ("Donaldson"), the sole member of DRWP; and Carmela Zavaglia, Administrator of the Estate of Anthony Zavaglia.  MSAA, an insurance company, seeks a judgment declaring that it has no duty to defend DRWP or Donaldson against a state court suit brought by Mrs. Zavaglia in her capacity as Administrator.

After issuing a Ruling on December 16, 2021, see Ruling on Mots. to Dismiss or Stay (Doc. No. 31), Count II of MSAA's Complaint against Donaldson remains pending before this court.[1]  MSAA seeks a declaration that it has no duty to defend or indemnify

---

[1] In its prior Ruling on the Motion to Dismiss, the court abstained from ruling on duty to indemnify claims in Counts One and Two of MSAA's Complaint until liability has been established in the underlying state tort action.  See Ruling on Mots. to Dismiss or Stay at 21.  MSAA has not moved for summary judgment as to its Count One claim alleging it has no duty to indemnify DRWP. See, generally, MSAA Mot. for Summary J.  Thus, MSAA's Count One duty to indemnify claim with respect to DRWP remains pending as well.

1

Donaldson against claims for fraudulent transfer and fraudulent conveyance in the underlying litigation, Carmela Zavaglia, Admin. Est. Anthony Zavaglia v. Christian Bros. Props., LLC & DRW Props., LLC, MX2-MMX-CV- 20-6028794-S (Conn. Super. Ct. 2020).

On January 6, 2022, MSAA filed a Motion for Summary Judgment against Donaldson on Count II (Doc. No. 32), Memorandum in Support (Doc. No. 33), and Statement of Materials Facts (Doc. No. 34).   No opposition to the Motion has been filed.

## II.     LEGAL STANDARD

A motion for summary judgment may be granted only where the moving party can establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Wright v. N.Y. State Dep't of Corr., 831 F.3d 64, 71-72 (2d Cir. 2016). If the moving party satisfies this burden, the nonmoving party must set forth specific facts demonstrating that there is indeed "a genuine issue for trial." Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). A genuine issue exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Cross Commerce Media, Inc. v. Collective, Inc., 841 F.3d 155, 162 (2d Cir. 2016). Unsupported allegations do not create a material issue of fact and cannot overcome a properly supported motion for summary judgment. See Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000). In assessing the record to determine whether there are disputed issues of material fact, the trial court must "resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought." LaFond v. Gen. Physics Servs. Corp., 50 F.3d 165, 175 (2d Cir. 1995).

### III. DISCUSSION

Upon review and absent objection, MSAA's Motion for Summary Judgment is granted. There are no issues of material fact. As a matter of law, the contract of insurance clearly provides that there is no coverage unless there is an "occurrence" which is defined as an "accident." See Statement of Materials Facts, Exhibit 5, at p. 83, § A.1.b.(1) of Businessowners Coverage Form (Doc. No. 34) ("Policy"). Fraudulent conveyance and fraudulent transfer of funds are intentional, willful causes of action requiring proof of acts under Connecticut law. Conn. Gen. Stats. §52-552e. Furthermore, even if it was an "occurrence," intended acts, such as fraudulent transfer and fraudulent conveyance, are excluded from coverage under the Contract of Insurance. See Policy, Exhibit 5, p. 85, § B.1.a. (Doc. No. 34).

### IV. CONCLUSION

For the foregoing reasons, as a matter of law, there is no coverage and no duty to defend or indemnify under the policy between MSAA and DRWP as to Donaldson, its sole member. MSAA's Motion for Summary Judgment (Doc. No. 32) is granted.

**SO ORDERED.**

Dated at New Haven, Connecticut this 5th day of April 2022.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge